# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KRYSTAL GAYLE**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 14-466-CG-B |
| **ACCEPTANCE INSURANCE AGENCY OF TENNESSEE**, | ) ) ) ) |
| Defendant. | ) |

## **ORDER**

This matter is before the court on Plaintiff's motion to amend the complaint (Doc. 10), Defendant's response in opposition (Doc. 12), and Plaintiff's reply (Doc. 13). For the reasons explained below, the court finds that Plaintiff's motion to amend should be granted and that because the amendment will destroy the complete diversity of the parties, the case should be remanded to the Circuit Court of Dallas County, Alabama.

This case was originally filed on September 17, 2014, in the Circuit Court of Dallas County, Alabama. (Doc. 1). Defendant removed the action to this court on October 7, 2014, alleging that complete diversity of citizenship exists. (Doc. 1). This case involves an automobile accident that occurred on February 7, 2014. The complaint alleges that an individual named Crystal Sheppard was at fault in the accident and that Sheppard was not covered by insurance at the time of the accident. (Doc. 1, p. 8). The original complaint named only Plaintiff's insurer, Acceptance Insurance Agency of Tennessee as a defendant. Ms. Sheppard was not

named as a party. Plaintiff was allegedly insured by an automobile policy issued by the Defendant that included uninsured motorist benefits. (Doc. 1, p. 8). The complaint asserts that Defendant failed to properly investigate Plaintiff's claim and has breached their duty of good faith. The complaint asserts claims labeled as "bad faith," "negligence" and "wantonness."[1] (Doc. 1, pp. 10-11).

Plaintiff now moves to amend her complaint to add Ms. Sheppard as a defendant. Plaintiff states that she did not name Sheppard as a party initially because Defendant had acknowledged in correspondence that the loss occurred outside the policy effective dates of Ms. Sheppard's insurance. (Doc. 10, ¶ 6; Doc. 10-2). Defendant had reportedly agreed to the resolution of Plaintiff's property damage claim, but Plaintiff's bodily injury claim remained unresolved. (Doc. 10, ¶ 4). However, in its Answer to the complaint, Defendant contests all liability and denies that Sheppard's negligence, willfulness and/or wantonness caused or contributed to cause Plaintiff's alleged injuries or damages. (Doc. 4., p. 6). Defendant also asserts in its Answer that Sheppard is not an uninsured/underinsured motorist and that Plaintiff is not entitled to uninsured/underinsured motorist benefits. (Doc. 4, p. 6).

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir.

---

[1] The "negligence" and "wantonness" claims actually appear to be claims for breach of contract based on the alleged negligence and wantonness of Sheppard.

2

2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

Defendant asserts that the amendment should not be allowed because Plaintiff's sole purpose for joinder of Sheppard is to effectuate remand. The addition of Sheppard as a party would destroy the complete diversity of the parties and necessitate remand. Defendant argues that Plaintiff was aware of Sheppard prior to filing suit and made the tactical decision not to include her.

This court has previously set out the standard for allowing an amendment that destroys diversity as follows:[2]

---

[2] Defendant contends that the amendment should not be allowed under language it quotes from a footnote in Manrique v. Fagan, 2009 WL 700999 (S.D. Fla. March 16, 2009):

> Ordinarily, of course, diversity jurisdiction is gauged only based upon the state of the record at the time the action is brought, and if removed at the time the petition for removal is filed. See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). This well-recognized "time of filing rule" has only exception: a defect in the diversity of all party defendants may be cured by the later dismissal of the party that destroyed diversity. Id. at 572–73 (citing Horn v. Lockhart, 17 Wall., 570, 579,

3

> [T]he decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. See, e.g., Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir.1999) ("Under Section 1447(e), the actual decision on whether or not to permit joinder of a [non-diverse] defendant ... is committed to the sound discretion of the district court"); Town of Gordon v. Great American Ins. Co ., 331 F.Supp.2d 1357, 1359 (M.D.Ala.2004) (recognizing discretion in § 1447(e) context); Carter v. Dover Corp., Rotary Lift Div., 753 F.Supp. 577, 579 (E.D.Pa.1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach"). Such discretion does not imply that § 1447(e) amendments should be granted as a matter of course. To the contrary, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th

---

> 21 L.Ed. 657 (1873); Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)). That jurisdictional defect may be cured even on appeal through the dismissal of a dispensable non-diverse party. Newman–Green, 490 U.S. at 837. It is thus undisputed in this case that, even though diversity may not have arisen at the time of the filing of the complaint naming a non-diverse defendant, or at the time the petition for removal was filed, that defect was curable through the dismissal of that non-diverse defendant, J.F. Sales. Once that defendant was dismissed by the Court, it is clear that the Michigan plaintiff was in diversity with the Florida defendant.

Ibid. at *4, n 4. Though the Manrique case discusses diversity jurisdiction in a removed case, it does not apply to the issues before the court here. Manrique does not involve a proposed amendment that would destroy diversity and makes no pronouncements regarding such issues. In Manrique, unlike the instant case, the case was removed based on federal question jurisdiction. The Manrique court determined that it had diversity jurisdiction upon the dismissal of the non-diverse defendant and that it could proceed under its diversity jurisdiction and provide a jury trial. In the instant case, complete diversity existed among the parties at the time of removal and there is no dispute that diversity will be destroyed and this court will lack jurisdiction if the court grants the Plaintiff's pending motion to amend.

4

> Cir.1987); see also Dasma Investments, LLC v. Realty Associates Fund III, L.P., 459 F.Supp.2d 1294, 1299–1300 (S.D.Fla.2006) (explaining that a plaintiff "is not automatically entitled to add non-diverse defendants following removal to destroy diversity").
>
> Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; accord: Jones v. Rent –A–Center East, Inc., 356 F.Supp.2d 1273, 1275 (M.D.Ala.2005); Smith v. White Consol. Indus., Inc., 229 F.Supp.2d 1275, 1279–80 (N.D.Ala.2002); Bevels v. American States Ins. Co., 100 F.Supp.2d 1309, 1313 (M.D.Ala.2000); Jarriel v. General Motors Corp., 835 F.Supp. 639, 641 (N.D.Ga.1993). This framework is designed to facilitate the balancing of the defendant's interest in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts. Id.; see also Hughes v. Promark Lift, Inc., 751 F.Supp. 985, 987 (S.D.Fla.1990) ("In determining whether joinder pursuant to § 1447(e) is appropriate, the district court is required to balance the equities involved.").

Holiday Isle, LLC v. Clarion Mortg. Capital, Inc., 2008 WL 1756369 at *2 (S.D. Ala. Apr. 11, 2008).

In the instant case, an analysis of the circumstances under the above four factors leads this court to find that the amendment should be allowed. First, Plaintiff proposes to add Sheppard because the claims against Defendant depend upon a determination that Sheppard was at fault and was uninsured at the time of the accident. While defeating federal jurisdiction may be an additional motive, it does not appear to be the sole or even the main purpose for the amendment. Second, Plaintiff did not move to add Sheppard earlier because Plaintiff believed that there was no real dispute over who was at fault or whether Sheppard was

insured at the time of the accident.  Given that correspondence from Defendant indicated that Sheppard was not insured at the time of the accident and that Defendant had reportedly agreed to pay some uninsured benefits to Plaintiff, it was reasonable for Plaintiff to not attempt to join Sheppard until Defendant raised those issues.  Plaintiff moved to amend less than two weeks after Defendant filed its Answer.  Thus, the court finds Plaintiff was not dilatory in asking for the amendment.  Third, because Defendant contests all liability and denies that Sheppard is an uninsured/underinsured motorist, Plaintiff may be significantly injured if she is not allowed to amend her complaint to add Sheppard.  Lastly, the court is aware of no other factors bearing on the equities.  Thus, all of the factors support allowance of the amendment.

There being no substantial reason to deny leave to amend, the court must allow the amendment.  Accordingly, Plaintiffs' motion to amend the complaint (Doc. 10), is **GRANTED** and because the amendment destroys federal jurisdiction, the case is hereby **REMANDED to the Circuit Court of Dallas County, Alabama.**

**DONE** and **ORDERED** this  3rd day of December, 2014.

                                                    /s/ Callie V. S. Granade
                                        **UNITED STATES DISTRICT JUDGE**